**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | ) | |
| ASHWANI K. SHAMLODHIYA, R41722, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13 C 8313 |
| | ) | |
| STEPHANIE DORETHY, Warden | ) | Judge Rebecca R. Pallmeyer |
| Hill Correctional Center,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Petitioner Ashwani Shamlodhiya ("Petitioner" or "Shamlodhiya") filed a motion to stay his federal habeas petition pursuant to 28 U.S.C § 2254, pending the outcome of state court collateral proceedings. For the reasons stated below, the stay is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.      Trial**

Shamlodhiya was charged with the September 2001 murder of his landlord, Michael Li, and the burning of Li's home. (*People v. Shamlodhiya*, No.2-05-0200 (Ill. App. Ct. 2007), Ex. A to Ans. to Pet'r's Pet. for a Writ of Habeas Corpus [22], hereinafter "Resp't's Ans.") In April 2004, a jury convicted him of arson and residential arson; the trial court declared a mistrial on the murder charges because the jury could not agree on a verdict among first degree murder, second degree murder, involuntary manslaughter, and not guilty by reason of self-defense. (*Id.* at 2.) Petitioner was retried in October 2004. (*Id.*) During the jury instructions conference, the court advised Petitioner that he was entitled to a jury instruction on second degree murder. (Report of Proceedings, Vol. IV, *People to Shamlodhiya*, No. 1-CF-2665 (Cir. Ct. DuPage Cnty)

---

[1]     During the pendency of this case, Stephanie Dorethy replaced Kevwe Akpore as Petitioner's custodian at the Hill Correctional Center. Dorethy has been substituted as the proper Respondent. *See* FED. R. CIV. P. 25(d)(1).

at 966-67, Ex. FF to Resp't's Ans.)  Petitioner responded that he had spoken with his attorneys, and on their advice chose not to request that instruction.  (*Id.*)  He did, however, request an instruction on involuntary manslaughter.  (*Id.*)  During closing arguments, defense counsel told the jury that counsel were "not asking" them to consider involuntary manslaughter because a finding of guilt on such a charge would be a "compromise verdict" on a charge the state could not prove.  (Report of Proceedings, Vol. V, *People v. Shamlodhiya*, No. 1-CF-2665 (Cir. Ct. DuPage Cnty.) at 1089, Ex. GG to Resp't's Ans.)  Instead, defense counsel pressed the theory that Petitioner had acted in self-defense.  (*Id.*)  Ultimately, the jury found Petitioner guilty of first degree murder, and he was sentenced to twenty-two years in prison.  (*Id.* Ex. A at 31.)

## II.     Post-Trial Proceedings

After the murder conviction, Shamlodhiya filed a habeas corpus petition with the state trial court, alleging ineffective assistance of counsel.  (Shamlodhiya Pet. for Writ of Habeas Corpus, hereinafter "Shamlodhiya Pet." at 8-9); (Report of Proceedings, Vol. XXIII, *People v. Shamlodhiya*, No. 1-CF-2665 (Cir. Ct. Du Page Cnty.) at 1000-39, Ex. YY to Resp't's Ans.)  In his motion, Shamlodhiya argued that defense counsel were ineffective in several ways, including their recommendation that he ask for instructions only on first-degree murder and involuntary manslaughter, and failed to explain the potential benefits of seeking an instruction second degree murder as well.  (*Id.* at 1011-12.)  The trial court conducted a hearing on this petition at which Shamlodhiya's trial counsel testified that they had in fact advised Petitioner that "he should not overlook the second degree murder option."  (*Id.* at 5700-02.)  The trial court concluded that Shamlodhiya's motion did not support an ineffective assistance claim because it involved matters of trial strategy.  Shamlodhiya raised the same ineffective assistance argument on direct appeal, but the Illinois Appellate court rejected it, and denied rehearing (Ex. A to Resp't's Ans. at 44), and the Illinois Supreme Court denied his petition for leave to appeal. (Order Denying PLA, *People v. Shamlodhiya*, No. 105199 (Ill. 2007), Ex. H to Resp't's Ans.)

## II.      Post-Conviction Proceedings

Petitioner filed a *pro se* post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILSCS 5/122-1, *et seq.*, on March 11, 2008.  (Resp't's Ans. at 16.)  Among his six claims for relief was an allegation that his trial counsel was ineffective because, without Petitioner's consent, counsel declined to argue involuntary manslaughter argument to the jury during his closing.  (Ex. Y to Resp't's Ans. at 1226-27.)  After the trial court dismissed the petition, the Illinois Appellate Court reversed and remanded the case for further post-conviction proceedings.  (Resp't's Ans. at 17.)  Petitioner, represented by post-conviction counsel, then filed a supplemental post-conviction petition with the trial court, alleging in relevant part that if he had known his defense counsel was not going to make an involuntary manslaughter argument during closing, he would have requested a second degree murder jury instruction.  (Ex. Z to Resp't's Ans. at 1472.)  The trial court dismissed Petitioner's supplemental post-conviction petition, and held an evidentiary hearing on his original ineffective assistance claim.  (Resp't's Ans. at 17; Ex. ZZ to Resp't's Ans. at 5867.)  Following the hearing, the trial denied the petition, concluding that Petitioner's defense counsel did not intentionally abandon the involuntary manslaughter defense and that his argument was not an unreasonable strategic decision. (Resp't's Ans. at 18; Trial Court Record, Vol. VII, *People v. Shamlodhiya*, No. 1-CF-2665 (Cir. Ct. DuPage Cnty.) at 1657-61, Ex. AA to Resp't's Ans.)

Petitioner appealed the trial court's decision, raising two arguments.   (Petitioner's Postconviction Brief, *People v. Shamlodhiya*, No. 2-12-0065, Ex. N to Resp't's Ans.)   First, Petitioner argued that his defense counsel's failure to disclose to him that they would not argue for involuntary manslaughter, rendered him unable to make a knowing decision regarding whether to seek a second-degree murder conviction in a bench trial.  *Id.* at 19-20.  He also again argued that, in closing, his attorney abandoned his request that the jury consider involuntary manslaughter.  *Id.* at 22-23.  The Illinois Appellate Court affirmed the trial court's

ruling, holding that counsel did not effectively abandon or withdraw the involuntary manslaughter instruction during closing arguments, and the content of the closing argument was a matter of trial strategy. (*Id.* at 18-19; *People v. Shamlodhiya*, 986 N.E.2d 204 (Ill. App. Ct. 2013), Ex. M to Resp't's Ans.) On September 25, 2015, the Illinois Supreme Court denied Petitioner's petition for leave to appeal ("PLA"). (*Id.* at 18; Order Denying Postconviction PLA, *People v. Shamlodhiya*, No. 116185 (Ill. 2013), Ex. T to Resp't's Ans.)

## II. Federal Habeas Petition

Shamlodhiya filed a *pro se* petition for a writ of habeas corpus in this court on November 18, 2013. (Shamlodhiya Pet. at 1.) He raises two claims: (1) his trial counsel was ineffective because they misinformed him of their strategy, which caused Petitioner to decide to forgo a second degree murder instruction to the jury; and (2) his trial counsel "nullified" the submission of an involuntary manslaughter instruction to the jury without consulting him. (Id. at 13-21.) In addition, he also asks the court to reduce his first-degree murder conviction to second-degree murder. (*Id.* at 22.) Respondent filed its 38-page brief in opposition to the petition, supported by the state court record, on March 26, 2014.

Two weeks later, on April 11, 2014, Petitioner filed a motion for extension of time and/or a stay of proceedings to allow him to consider filing a successive post-conviction motion. (Pet.'s Mot. for Extension of Time and/or Stay of Proceedings, April 11, 2014 [28] at 1-2.) On April 17, 2014, this court granted a ninety-day extension and/or stay. On July 10, 2014, Petitioner filed a second motion for extension of time and/or stay of proceedings to conduct additional legal research and reply to Respondent's brief. (Pet.'s Mot. for Extension of Time and/or Stay of Proceedings, July 10, 2014 [30] at 1-2.) On July 18, 2014, this court granted a further stay so that Petitioner could explore the possibility of filing a successive post-conviction petition in state court on what he characterizes as a new claim: that the trial court's failure to ask *defense counsel* whether they wanted a second-degree murder instruction effectively denied Petitioner's due process and equal protection rights. (*Id.*; July 18, 2014 Order [31].)

Now before the court is Petitioner's third motion for a stay of proceedings. Petitioner asserts that he filed a successive post-conviction petition in state court regarding his new claim on September 15, 2014. That petition has been denied, but is on appeal. (Pet.'s Mot. for Stay of Proceeding [32] at 1.)[2] Respondent opposes Petitioner's request for a stay, urging that Petitioner has not meet the requirements for such relief. (Resp. in Objection to Pet'r's Mot. to Stay Proceedings, hereinafter "Resp. in Objection" at 1-2.) Petitioner has filed a reply memorandum, and the matter is now fully briefed.

## DISCUSSION

Federal courts have discretion to stay a "mixed" habeas petition, to permit a petitioner to present unexhausted claims to the state courts in the first instance. *Rhines v. Weber*. 544 U.S. 269, 125 S.Ct. 1528 (2005). The court understands this is the relief Petitioner Shamlodhiya is seeking here. Respondent contends this case is not a candidate for such a stay because, under *Rhines*, a stay is appropriate only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Respondent argues that these conditions are satisfied here. The court disagrees.

Respondent first urges that Petitioner's habeas petition contains no unexhausted claims. Specifically, Respondent notes that the petition on Petitioner's purportedly new claim—that the trial court erred by not asking his counsel whether they wanted a second-degree murder instruction given to the jury—is fully briefed and ready for a decision. (Resp. in Objection at 2.) This court recognizes that Petitioner has presented concerns about the instructions in more than one way. As his claim is currently before the state courts, those courts will be in the best position to determine whether the argument he is pressing is the same one he has made earlier.

---

[2]     Staff at the Office of the Illinois Attorney General court have advised that the matter is pending before the Illinois Appellate court, Second District, and that opening briefs are due on December 1, 2015.

Because his case is pending, it appears his state remedies may not be exhausted, and Petitioner should be given the opportunity to complete his state exhaustion efforts.

If the claim has not been exhausted, Respondent argues, the court should nevertheless deny the request for a stay because Petitioner has not established good cause for failing to exhaust. The alleged defect arose during his 2004 trial proceedings, yet he did not address it in state court until 2014. (*Id.*) In response, Petitioner contends that he could not bring his new claim earlier because relevant case law did not arise until 2013. (*See* Reply in Support of Mot. at 1-2.) Although Petitioner has not provided the court with the case law he relies on in his successive post-conviction proceedings, it appears from Petitioner's motion that his new claim may be based on a recent decision by the Illinois Supreme Court, *People v. Wilmington*, 883 N.E.2d 1015, 368 Ill.Dec. 211 (Ill. 2013). (*See* Reply in Support of Mot. at 1-2.) In this case, also cited by Respondent, the court held that the trial court was not *required* to question the defendant himself as to whether he consented to the submission of a second-degree murder instruction to the jury. *Id.* at 1025-26 (emphasis supplied). This court makes no comment on whether that holding establishes that it is error for the trial judge to do so, or that questioning the defendant (but not counsel) violates a constitutional right. Nevertheless, assuming Petitioner's claim is in fact based on *People v. Wilmington*, he could not have raised it in state court earlier.

Respondent insists that Petitioner's new claim of relief is "plainly meritless" because "there is no federal constitutional right to have the trial court inquire of defense counsel" whether certain instructions should be submitted to the jury (Resp. in Objection at 2), and Petitioner has not offered case law on the issue. That said, Petitioner, who is proceeding *pro se*, has also suggested that his claim arises under state law. This court is not inclined to address an issue of state law, where the matter is pending before the state courts.

Briefly turning to the third prong of the *Rhines* holding, the Respondent does not contend that Petitioner engaged in dilatory litigation tactics, nor is there any evidence if dilatoriness in the materials submitted to this court.

The Supreme Court's holding in *Rhines* was rooted in its concerns that "[s]taying a federal habeas petition frustrates the AEDPA's objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings, and . . . by decreasing a petitioner's incentive to exhaust all his claims in state court before filing his federal petition." 544 U.S. at 270; 125 S.Ct. at 1530-31. Neither of these concerns is present in this case. As Respondent itself acknowledges, Petitioner's successive post-conviction petition is before the state court. This court is not prepared to say that the unexhausted claim is "plainly meritless"; he has made a colorable argument of good cause for his failure to exhaust; and there is no indication that he engaged in intentionally dilatory litigation tactics. Petitioner's motion for stay is therefore granted pending the outcome of state court proceedings.

## CONCLUSION

The motion for stay [32] is granted. The parties are directed to advise the court of the status of Petitioner's state court proceeding on March 1, 2016, or at the conclusion of the state proceedings, whichever date is earlier.

ENTER:

Dated:   September 30, 2015

REBECCA R. PALLMEYER
United States District Judge